Dear Mr. Marchand and Mr. Anderson:
Reference is made to your recent, almost identical, requests for an opinion of this office regarding a proposed Intergovernmental Joint Service Agreement (the "Agreement") between the Parish of Ascension and the Ascension Consolidated Utilities District #1 (the "District"). According to your correspondence, the District Attorney's Office, as counsel to the Parish, has advised that the agreement is legal. However, each of you has asked this office to address whether, in light of the La. Const. Art. VII, Sec. 14(A), the parish president would be acting illegally by signing the Agreement, since, the Agreement, in effect, provides for a `loan' from the Parish to the District.
As you are both clearly aware, La. Const. Art. VII, Sec. 14(A) prohibits, subject to certain exceptions, the "funds, credit, property or things of value of the state or of any political subdivision" from being "loaned, pledged, or donated to or for any person, association, or corporation, public or private." Although La. Const. Article VII, Section 14(B) provides certain exceptions to this rule, those exceptions do not apply to the contemplated transaction.
Please be advised that in our opinion the clear language of La. Const. Art. VII, Sec. 14 prohibits the Parish from loaning funds to the District. As such, it is the opinion of this office that La. Const. Article VII, Section 14, prohibits the Parish, and the Mayor on behalf of the Parish, from entering into the Agreement.
Our position in this regard is consistent with City of Port Allenv. Municipal Risk Agency, Inc. 439 So.2d (La. 1983), which interpreted Article VII, Section 14. Therein, Louisiana's Supreme Court ruled that " even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivision, the United States government or public or private associations or corporations, or to individuals merely for a `public purpose'."
Please note that this opinion is not an indication of our disapproval of the Parish's efforts to improve the health and safety of its citizen's through the provision of safe drinking water. On the contrary, this office is supportive of all parochial improvement and economic development projects. However, we note that the worthiness of the contemplated use of public funds is immaterial to the constitutionality of a transfer of public funds. See: James v. Rapides Parish Police Jury, 113 So.2d 88 (La.App. 2nd Cir. 1959), which interpreted a constitutional provision almost identical to the present Article VII, Section 14. Regrettably, we are constrained to opine that the Parish of Ascension is prohibited by the constitution from loaning its funds to the district.
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
 Yours very truly, RICHARD P. IEYOUB Attorney General
 By: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI/JMZB/dra
Received:
Released: August 31, 2001